UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Cody Jorrell Loud, Sr.,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 17-293 ADM/LIB

___

Clifford B. Wardlaw, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, for Plaintiff.

Keala C. Ede, Assistant Federal Defender, Office of the Federal Defender, Minneapolis, MN, for Defendant.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff United States of America's (the "Government") Objections [Docket No. 61] to Magistrate Judge Leo I. Brisbois' March 21, 2018 Report and Recommendation [Docket No. 57] ("R&R"), and to Defendant Cody Jorrell Loud, Sr.'s ("Loud") Objection [Docket No. 60] to the R&R.

In the R&R, Judge Brisbois recommends granting Loud's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 27], denying Loud's Motion to Suppress Statements, Admissions, and Answers [Docket No. 28], and denying as moot Loud's Motion for Hearing Pursuant to Franks v. Delaware [Docket No. 29].  After a thorough de novo review of the record and for the reasons stated below, the Government and Loud's Objections are overruled and Judge Brisbois' R&R is adopted.

## II.  BACKGROUND

The relevant facts are detailed in the R&R and are incorporated here by reference.  See R&R at 2–4.  Briefly, between February 2015 and July 2016, the Red Lake Department of Public Safety received five anonymous telephone calls reporting alleged drug sales on the Red Lake Indian Reservation.  R&R at 2.  Criminal Investigator Paul Smith ("CI Smith") of the Red Lake Department of Public Safety either personally received the phone calls or was present while another officer took the calls, and he recorded the information provided by the callers.  Hr'g Tr. [Docket No. 51] at 14–15, 20, 37–38.

The details of the five calls are as follows.  On February 7, 2015, an anonymous caller stated that Loud was selling narcotics on the Red Lake Reservation.  On March 27, 2015, an anonymous caller stated that Loud was selling heroin for $150.00 per gram from a residence at the Redby Trailer Court on the Red Lake Reservation, and that a silver and gold Honda Civic was parked in front of the residence.  On April 18, 2016, an anonymous caller stated that he had been told that Loud was selling "meth from" the biggest trailer in the Redby Trailer Court, and that the trailer in question was on the east side of the trailer court.  The anonymous caller did not provide his name when asked to do so.  On July 3, 2016, an anonymous caller stated that "parties" were selling "meth" from a blue trailer house near the Redby Elderly apartments in the "back of town trailer courts in Redby[,]" and that "numerous people" in Red Lake and the Redby community were aware of the drug sales.  Lastly, on July 7, 2016, an anonymous caller stated that Loud had "just moved his product" from his house to a trailer closest to the Redby Elderly apartments in the Redby Trailer Court, and that "product and packaging materials were inside the residence."  R&R at 2–3 (quoting Govt. Ex. 1 at 8); Hr'g Tr. at 33–35.  The identity of the

caller is not known for any of the telephone calls, nor is it known whether the calls were made by the same person or were from different callers. Hr'g Tr. 37–38, 41. CI Smith made no attempt to corroborate any of the information provided by the anonymous caller(s). Id. at 24–25.

On July 8, 2016, solely as a result of the five anonymous telephone calls, CI Smith prepared an Application for a Search Warrant for the "Reported Cody Loud Trailer" and attached an Affidavit in Support of the Application. R&R at 3. The Affidavit specified the information from the anonymous phone calls, but CI Smith described the calls as having been from "concerned citizens" and did not state that the "concerned citizens" were anonymous callers. Hr'g Tr. at 41. Additionally, the Affidavit does not state that the April 18, 2016 caller refused to provide his name or that this caller was relaying secondhand information. Hr'g Tr. at 35–37, 41.

CI Smith presented the Application and Affidavit in Support to Red Lake Tribal Judge Austin J. Needham, who issued the search warrant. Id. at 21–22. The same day, July 8, 2016, CI Smith executed the search warrant on Loud's trailer. Id. at 22. During the search, law enforcement seized (1) a bag of approximately 49 grams of alleged marijuana, (2) a scale with white/brown residue, (3) two "loading devices" with white/brown residue, (4) approximately $8,223 in U.S. currency, (5) a plate with white/brown powdery substance on it, (6) approximately 50 clonazepam pills, (7) approximately 171 grams of alleged heroin, and (8) approximately 200 gabapentin pills. See Def.'s Mot. Suppress Evidence [Docket No. 27] at 1.

Loud was charged by Indictment with one count of possession of heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and §§ 841(b)(1)(B). See Indictment [Docket No. 12]. Loud now moves to suppress the evidence obtained as a result of the search, arguing

that the search warrant was issued without a sufficient showing of probable cause in violation of the Fourth Amendment, and that the good-faith exception to the exclusionary rule recognized in United States v. Leon, 468 U.S. 897 (1984) does not apply.

Judge Brisbois found that the search warrant lacked probable cause because the affidavit submitted in support of the warrant relied solely on anonymous and uncorroborated tips to law enforcement. R&R at 6–9. Judge Brisbois also determined that the good-faith exception under Leon did not apply because: (1) it was objectively unreasonable for an officer with over 10 years of experience to present a judge with an affidavit that included only uncorroborated information obtained from anonymous callers; and (2) CI Smith's involvement in both the deficient search warrant application and the subsequent execution of the search warrant invalidated any argument that the executing officers were unaware of the insufficiency of the affidavit underlying the search warrant. Id. at 10–13.

Based on the conclusion that the exclusionary rule applies, Judge Brisbois recommends granting Loud's Motion to Suppress Evidence. Given this recommendation, Judge Brisbois found it unnecessary to address an alternative argument by Loud that the search warrant was invalid under Franks v. Delaware, 438 U.S. 154 (1978). Judge Brisbois thus recommends denying Loud's Motion for Hearing Pursuant to Franks.

The Government has filed an Objection to the R&R. The Government does not object to the R&R's conclusion that the affidavit supporting the search warrant was insufficient to provide probable cause upon which to issue the search warrant. Rather, the Government objects solely to the R&R's conclusion that the Leon good-faith exception does not apply to this case.

Loud has also filed an Objection, arguing that if the Court were to disagree with the

reasoning in the R&R and sustain any objection by the Government, the Franks Motion supplies an additional ground to invalidate the search warrant and overcome the Leon good-faith exception.

### III.  DISCUSSION

#### A.  Standard of Review

A district judge may refer a defendant's motion to suppress evidence to a magistrate judge for recommendation.  Fed. R. Crim. P. 59(b)(1).  The district judge must make an independent, de novo determination of those portions of the report and recommendation to which a party objects.  Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

#### B.  Government's Objections

The Government argues that the Leon good-faith exception to the exclusionary rule applies to this case.  Under the Leon exception, "disputed evidence will be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant."  United States v. Grant, 490 F.3d 627, 632 (8th Cir. 2007).  The reviewing court should consider the totality of the circumstances, "including any information known to the officer but not included in the affidavit . . . ."  Id. (citation omitted).

> Four instances exist in which the good-faith exception will not apply:
>
> > (1) when the affidavit or testimony in support of the warrant included a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge; (2) when the judge "wholly abandoned his judicial role" in issuing the warrant; (3)

5

> when the affidavit in support of the warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (4) when the warrant is "so facially deficient" that the executing officer could not reasonably presume the warrant to be valid.

Id. at 632–33 (citing Leon, 468 U.S. at 923).

Here, Judge Brisbois found that the good-faith exception did not apply due to the third instance: the affidavit was so lacking in probable cause that an officer could not have a reasonable belief in its existence. R&R at 13. The Government disagrees with this conclusion, arguing that CI Smith's pre-warrant conduct was "a far cry from being illegal" and thus his conduct was "close enough to the line of validity" to make his belief in the warrant objectively reasonable. Gov't. Obj. at 2.

The Government's argument is unavailing because, as Judge Brisbois observed, "[i]t is objectively unreasonable for an officer with over 10 years of experience to present a search warrant affidavit to a judge when that affidavit contains only uncorroborated information from anonymous callers." R&R at 11. Assessing probable cause based upon information supplied by an informant requires a determination of whether the information is reliable. United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993). "Information may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of supplying reliable information, or if it is corroborated by independent evidence." Id. Here, CI Smith had absolutely no information regarding the reliability of the informant(s), and made no attempt to corroborate the information provided by the caller(s). CI Smith knew that the "concerned citizens" referenced in the Affidavit were actually anonymous callers or possibly just one caller, and that at least one of the calls relayed secondhand information. However, CI Smith did not

6

include this information in the Affidavit. Under the totality of the circumstances, including the information known to CI Smith but not included in the Affidavit, the Affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Leon, 468 U.S. at 923.

Additionally, CI Smith's involvement in both the clearly deficient Application and the subsequent search warrant forecloses any argument that the executing officers were not aware of the deficiencies in the affidavit supporting the search warrant. See, e.g., U.S. v. Nelson, No. 04-4651, 2005 WL 1355025, *3 (D. Minn. June 2, 2005) (holding good-faith exception to exclusionary rule did not apply where "the search warrant affiant was both the investigator in the case and the individual who executed the search warrant[,]" and the search warrant affidavit consisted of "conclusory statements containing no identification whatsoever of his source of information"). Thus, the Government's Objections are overruled.

## C. Loud's Objection

Loud objects to the R&R's recommendation that his Motion for Hearing Pursuant to Franks be denied as moot. Loud filed the Objection to preserve his argument under Franks in the event that this Court should disagree with the R&R's recommendation that his Motion to Suppress Evidence be granted. Because the Court agrees with the well-reasoned conclusions in the R&R, Loud's Objection is overruled.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government's Objections [Docket No. 61] to Magistrate Judge Leo I. Brisbois' March 21, 2018 Report and Recommendation [Docket No. 57] are

       **OVERRULED**;

2. Defendant Cody Jorrell Loud, Sr.'s Objection [Docket No. 60] to the R&R is **OVERRULED**;

3. The R&R [Docket No. 57] is **ADOPTED**;

4. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 27] is **GRANTED**;

5. Defendant's Motion to Suppress Statements, Admissions and Answers [Docket No. 28] is **DENIED**; and

6. Defendant's Motion for Hearing Pursuant to Franks v. Delaware [Docket No. 29] is **DENIED as moot**.

                                      BY THE COURT:

                                      s/Ann D. Montgomery
                                      ANN D. MONTGOMERY
                                      U.S. DISTRICT JUDGE

Dated: May 7, 2018.